Brandon S. Reif (SBN 214706)
Marc S. Ehrlich (SBN 198112)
Rachel D. Dardashti (SBN 292126)
**REIF LAW GROUP, P.C.**
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: 310.494.6500
Email: docket@reiflawgroup.com; breif@reiflawgroup.com
mehrlich@reiflawgroup.com; rdardashti@reiflawgroup.com

Attorneys for Plaintiff and Counter-Plaintiff
EMERSON EQUITY, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| EMERSON EQUITY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FORGE UNDERWRITING LIMITED, an unknown entity; VOLANTE INTERNATIONAL LIMITED, an unknown entity; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO SECURITIES BROKER/DEALER PROFESSIONAL LIABILITY INSURANCE POLICY NO. B074021F3121, an unknown entity; and DOES 1-10 inclusive,<br><br>Plaintiffs. | Case No. 4:22-cv-06037-HSG<br><br>**EMERSON EQUITY, LLC'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Dept.: Courtroom 2, Oakland Courthouse<br><br>Complaint Filed: September 12, 2022<br>(San Mateo County Superior Court)<br>Complaint Served: September 15, 2022<br>Notice of Removal: October 13, 2022<br>Counterclaim Filed: June 12, 2023 |

## RESPONSE TO COUNTERCLAIMS

Plaintiff Emerson Equity, LLC ("Plaintiff"), by its attorneys, hereby answers the Counterclaims filed by Defendants Forge Underwriting Limited, Volante International Limited, and Lloyd's syndicate AUL 1274 (collectively, "Defendants") as follows:

1. Referring to allegations in paragraph 1, Plaintiff denies.

## PARTIES

2. Referring to allegations in paragraph 2, Plaintiff has insufficient information to admit or deny and, on that basis, denies the allegations.
3. Referring to allegations in paragraph 3, Plaintiff has insufficient information to admit or deny and, on that basis, denies the allegations.
4. Referring to allegations in paragraph 4, Plaintiff has insufficient information to admit or deny and, on that basis, denies the allegations.
5. Referring to allegations in paragraph 5, Plaintiff admits.
6. Referring to allegations in paragraph 6, Plaintiff admits.

## JURISDICTION AND VENUE

7. Referring to allegations in paragraph 7, Plaintiff admits.
8. Referring to allegations in paragraph 8, Plaintiff admits venue is proper.

## BACKGROUND

**A. Emerson, GWG, and the L Bonds.**

9. Referring to allegations in paragraph 9, Plaintiff admits.
10. Referring to allegations in paragraph 10, Plaintiff admits based on information and belief.
11. Referring to allegations in paragraph 11, admit based on information and belief.
12. Referring to allegations in paragraph 12, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.
13. Referring to allegations in paragraph 13, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.
14. Referring to allegations in paragraph 14, Plaintiff denies that the Debentures were

direct or private placements.

15. Referring to allegations in paragraph 15, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

16. Referring to allegations in paragraph 16, Plaintiff denies. At that time, GWG ceased selling debentures and began selling L Bonds.

17. Referring to allegations in paragraph 17, Plaintiff denies that the sole purpose of the L bonds was to purchase and service life insurance policies.

18. Referring to allegations in paragraph 18, Plaintiff is informed and believes that L Bonds were secured by assets of GWG Holdings, and on that basis on that basis deny the allegations.

19. Referring to allegations in paragraph 19, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

20. Referring to allegations in paragraph 20, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

21. Referring to allegations in paragraph 21, Plaintiff denies that it was responsible for conducting due diligence on behalf of GWG, and on that basis denies the allegations.

22. Referring to allegations in paragraph 22, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

23. Referring to allegations in paragraph 23, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

24. Referring to allegations in paragraph 24, Plaintiff admits that Emerson was the dealer-manager for the L Bond offerings and also one of many selected dealers or placement agents.

25. Referring to allegations in paragraph 25, Plaintiff admits that it was the dealer-manager for the L Bond offerings from December 2017 to January 2022. Except specifically admitted, deny.

26. Referring to allegations in paragraph 26, Plaintiff lacks sufficient information as to

the truth or falsity of the allegations and on that basis, denies the allegations.

27. Referring to allegations in paragraph 27, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

28. Referring to allegations in paragraph 28, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

29. Referring to allegations in paragraph 29, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

30. Referring to allegations in paragraph 30, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

31. Referring to allegations in paragraph 31, Plaintiff admits.

32. Referring to allegations in paragraph 32, Plaintiff admits.

33. Referring to allegations in paragraph 33, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

34. Referring to allegations in paragraph 34, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

35. Referring to allegations in paragraph 35, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

36. Referring to allegations in paragraph 36, Plaintiff denies.

**B. Relevant underwriting history of the Policy.**

37. Referring to allegations in paragraph 37, Plaintiff admits.

38. Referring to allegations in paragraph 38, Plaintiff admits that it increased its insurance coverage on all its activities in October 2019. Unless specifically admitted, Plaintiff denies.

39. Referring to allegations in paragraph 39, Plaintiff admits that Dave Thomas provided the referenced information. Unless specifically admitted, Plaintiff denies.

EMERSON EQUITY, LLC'S ANSWER TO COUNTERCLAIMS

40. Referring to allegations in paragraph 40, Plaintiff admits that it provided the referenced estimates in its insurance application. Unless specifically admitted, Plaintiff denies.

41. Referring to allegations in paragraph 41, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

42. Referring to allegations in paragraph 42, Plaintiff admits that previously only had coverage for annuities and insurance prior to October 2019. Plaintiff began to explore increasing its insurance coverage in April 2019. Unless specifically admitted, Plaintiff denies.

43. Referring to allegations in paragraph 43, Plaintiff admits.

44. Referring to allegations in paragraph 44, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

45. Referring to allegations in paragraph 45, Plaintiff admits that the new policy was issued on October 25, 2019. Unless specifically admitted, Plaintiff denies.

46. Referring to allegations in paragraph 46, Plaintiff denies.

47. Referring to allegations in paragraph 47, Plaintiff denies.

48. Referring to allegations in paragraph 48, Plaintiff denies. Dave Thomas suggested language for Endorsements No. 7 and 8 for the 2019 policy subject to the approval of the Insurers.

49. Referring to allegations in paragraph 49, Plaintiff denies. Dave Thomas suggested language for Endorsements No. 7 and 8 for the 2019 policy subject to the approval of the Insurers.

50. Referring to paragraph 50, Plaintiff denies. Endorsements No. 7 and 8 are not implicated by the L Bond Claim.

**C. Relevant Policy provisions.**

51. Referring to paragraph 51, Plaintiff admits.

52. Referring to paragraph 52, Plaintiff admits that the limit for coverage is $5 million for each claim and in the aggregate Limit of Liability, excess of a $250,000 per Claim retention.

53. Referring to paragraph 53, Plaintiff admits.

54. Referring to paragraph 54, Plaintiff admits.

55. Referring to paragraph 55, Plaintiff admits.

56. Referring to paragraph 56, Plaintiff admits that the definition of Loss is quoted accurately.

57. Referring to paragraph 57, Plaintiff admits that the definition of Claim is quoted accurately.

58. Referring to paragraph 58, Plaintiff denies. In relevant part, Endorsement No. 2 states: "In consideration of the premium charged, it is hereby understood and agreed that Section 3. DEFINITIONS l) is amended to include: (6) the purchase or sale of private placements, Reg D products, public non-traded REITS, hedge funds, private equity funds, limited partnerships, or other unregistered securities, (7) advisory or consulting services with respect to mergers & acquisitions and capital raising."

59. Referring to the allegations in paragraph 59, Plaintiff admits.

60. Referring to paragraph 60, Plaintiff admits that the definition of Approved Activity is quoted accurately.

61. Referring to the allegations in paragraph 61, Plaintiff denies. The Policy defines Investment Banking activity as "the underwriting, syndicating or promotion of any security or partnership interest in connection with any of the following: any actual, alleged or threatened merger, acquisition, divestiture, tender offer, proxy contest, leveraged buy-out, going private transaction, reorganization (voluntary or involuntary), capital restructuring, recapitalization, spin-offs, primary or secondary

offerings of securities (regardless of whether the offering is a public offering or private placement), dissolution or sale of all or substantially all of the assets or stock of a business entity, or effort to raise or furnish capital or financing for any enterprise or entity, or any acquisition or sale of securities by the Broker/Dealer for its own account, or any activity by any Insured as a specialist or market maker (including the failure to make a market) for any securities, or any disclosure requirements in connection with any of the foregoing. Investment Banking also includes the rendering of advice or recommendations or the rendering of a written opinion in connection with any of the foregoing."

62. Referring to the allegations in paragraph 62, Plaintiff admits that the definition of Wrongful Act is quoted accurately.

63. Referring to the allegations in paragraph 63, Plaintiff admits that the definition of Interrelated Wrongful Acts is quoted accurately.

64. Referring to the allegations in paragraph 64, Plaintiff admits.

65. Referring to the allegations in paragraph 65, Plaintiff denies.

66. Referring to the allegation in paragraph 66, Plaintiff denies.  The Policy states: "Retroactive Date: 11th November 2004, but 25th October 2019 in respect of USD 4,000,000 aggregate limit of liability in excess of USD 1,000,000 aggregate limit of liability."

67. Referring to the allegations in paragraph 67, Plaintiff admits that Endorsement No. 7 is quoted accurately.

68. Referring to the allegations in paragraph 68, Plaintiff denies.  With respect to Exclusion i) the Policy states: "EXCLUSIONS i) is deleted and replaced with the following: i) Alleging, arising out of, based upon or attributable to, in whole or in part, any **Investment Banking Activity** by an **Insured**, including but not

limited to any disclosure requirements in connection with the foregoing; provided, however, that this exclusion shall not apply to **Claims** arising out of:

The sale by an **Insured** to a particular client or customer of any open-ended investment company or variable annuity which alleges that a client or customer of the **Broker/Dealer** was unsuitable for and wrongfully placed into such investment or variable annuity or; Private placements or whilst the **Insured** acts as a placement agent in conjunction with private placements transactions.

Advisory or consulting services with respect to mergers & acquisitions and capital raising.

69. Referring to the allegations in paragraph 69, Plaintiff admits that Endorsement No. 8 is quoted accurately.

70. Referring to the allegations in paragraph 70, Plaintiff admits.

**D. The L Bond Claim is made, and the coverage dispute arises.**

71. Referring to the allegations in paragraph 71, Plaintiff admits.

72. Referring to the allegations in paragraph 70, Plaintiff admits that GWG disclosed that it had been subpoenaed by the Securities and Exchange Commission in October 2020.

73. Referring to the allegations in paragraph 73, Plaintiff denies.

74. Referring to allegations in paragraph 74, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

75. Referring to the allegations in paragraph 75, Plaintiff admits.

76. Referring to the allegations in paragraph 76, Plaintiff denies.

77. Referring to allegations in paragraph 77, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

78. Referring to allegations in paragraph 78, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

79. Referring to the allegations in paragraph 79, Plaintiff admits that it received additional Statement of Claims related to the L Bonds. Unless specifically admitted, Plaintiff denies.

80. Referring to the allegations in paragraph 80, Plaintiff admits that GWG filed for bankruptcy and its plan of reorganization was approved by the Court.

81. Referring to the allegations in paragraph 81, Plaintiff admits.

82. Referring to the allegations in paragraph 82, Plaintiff admits that the Reservation of Rights letter stated, "these matters involved Interrelated Wrongful Acts." Unless specifically admitted, Plaintiff denies.

83. Referring to the allegations in paragraph 83, Plaintiff admits that the Reservation of Rights letter is quoted accurately. Plaintiff denies the conclusion that L Bonds were private placements.

84. Referring to the allegations in paragraph 84, Plaintiff denies.

85. Referring to the allegations in paragraph 85, Plaintiff admit that it provided Insurers with notice of additional Statement of Claims. Plaintiff also admits that Insurers issued an updated coverage letter on June 8, 2022. Unless specifically admitted, Plaintiff denies.

86. Referring to the allegations in paragraph 86, Plaintiff admits that the June 8, 2022 letter is summarized accurately. Plaintiff denies the conclusion that L Bonds were private placements and that the policy does not provide coverage.

87. Referring to the allegations in paragraph 87, Plaintiff admits that the June 8, 2022 attempted to reserve the insurers' rights. Unless specifically admitted, Plaintiff denies.

88. Referring to the allegations in paragraph 88, Plaintiff admits.

89. Referring to the allegations in paragraph 89, Plaintiff admits.

90. Referring to the allegations in paragraph 90, Plaintiff denies.

91. Referring to the allegations in paragraph 91, Plaintiff denies.

92. Referring to the allegations in paragraph 92, Plaintiff admits that there are 41 Statement of Claims and one putative class action pending. Plaintiff denies that the alleged losses occurred prior to October 25, 2019. Unless specifically admitted, Plaintiff denies.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment – Coverage for the L Bond Claim is precluded in its entirety based upon the Professional Services Retroactive Date Endorsement)**

93. Referring to the allegations in paragraph 93, Plaintiff incorporates its previous responses.

94. Referring to the allegations in paragraph 94, Plaintiff denies.

95. Referring to the allegations in paragraph 95, Plaintiff denies.

96. Referring to the allegations in paragraph 96, Plaintiff denies.

97. Referring to the allegations in paragraph 97, Plaintiff denies.

98. Referring to the allegations in paragraph 98, Plaintiff denies.

99. Referring to the allegations in paragraph 99, Plaintiff denies.

100. Referring to the allegations in paragraph 100, Plaintiff denies.

101. Referring to the allegations in paragraph 101, Plaintiff denies.

102. Referring to the allegations in paragraph 102, the term various is ambiguous, and on that basis Plaintiff denies.

103. Referring to the allegations in paragraph 103, Plaintiff denies.

104. Referring to the allegations in paragraph 104, Plaintiff denies.

105. Referring to the allegations in paragraph 105, Plaintiff denies.

106. Referring to the allegations in paragraph 106, Plaintiff denies.

WHEREFORE, the Insurers are entitled to a judicial declaration that the Policy affords no coverage for the L Bond Claim because it involves **Wrongful Acts** in respect of Private Placement activities occurring prior to the applicable retroactive date.

## SECOND CAUSE OF ACTION

**(In the alternative to the First Cause of Action, Reformation of Endorsement No. 8)**

107. Referring to the allegations in paragraph 107, Plaintiff incorporates its previous responses.

108. Referring to the allegations in paragraph 108, Plaintiff denies.

109. Referring to the allegations in paragraph 109, Plaintiff denies.

110. Referring to the allegations in paragraph 110, Plaintiff denies.

111. Referring to the allegations in paragraph 111, Plaintiff denies.

112. Referring to the allegations in paragraph 112, Plaintiff denies.

113. Referring to the allegations in paragraph 113, Plaintiff admits.

114. Referring to the allegations in paragraph 114, Plaintiff denies.

115. Referring to the allegations in paragraph 115, Plaintiff denies.

116. Referring to the allegations in paragraph 116, Plaintiff denies.

117. Referring to the allegations in paragraph 117, Plaintiff denies.

118. Referring to the allegations in paragraph 118, Plaintiff denies.

119. Referring to the allegations in paragraph 119, Plaintiff denies.

120. Referring to the allegations in paragraph 120, Plaintiff denies.

121. Referring to the allegations in paragraph 121, Plaintiff denies.

122. Referring to the allegations in paragraph 122, Plaintiff denies.

WHEREFORE, the Insurers are entitled, in the alternative, to reformation of the Policy to reflect the parties' true intent with respect to Endorsement No. 8.

## THIRD CAUSE OF ACTION

**(In the alternative to the First and Second Causes of Action, Declaratory Judgment – To the extent not otherwise precluded, coverage is precluded for the L Bond Claim by Exclusion (i))**

123. Referring to the allegations in paragraph 123, Plaintiff incorporates its previous responses.

124. Referring to the allegations in paragraph 124, Plaintiff denies.

125. Referring to the allegations in paragraph 125, Plaintiff admits.

126. Referring to the allegations in paragraph 126, Plaintiff admits.

127. Referring to the allegations in paragraph 127, Plaintiff admits.

128. Referring to paragraph 128, Plaintiff denies. In relevant part, Endorsement No. 2 states: "In consideration of the premium charged, it is hereby understood and agreed that Section 3. DEFINITIONS l) is amended to include: (6) the purchase or sale of private placements, Reg D products, public non-traded REITS, hedge funds, private equity funds, limited partnerships, or other unregistered securities, (7) advisory or consulting services with respect to mergers & acquisitions and capital raising."

129. Referring to the allegations in paragraph 129, Plaintiff denies.

130. Referring to the allegations in paragraph 130, Plaintiff admits.

131. Referring to the allegations in paragraph 131, Plaintiff admits.

132. Referring to the allegations in paragraph 132, Plaintiff admits that it acted as the dealer-manager for 3 offerings of GWG L Bonds.

133. Referring to the allegations in paragraph 133, Plaintiff denies.

134. Referring to allegations in paragraph 134, Plaintiff denies that it provided due diligence to other broker dealers.

135. Referring to the allegations in paragraph 135, Plaintiff denies.

136. Referring to the allegations in paragraph 136, Plaintiff denies.

137. Referring to the allegations in paragraph 137, Plaintiff denies.

138. Referring to the allegations in paragraph 138, Plaintiff denies.

WHEREFORE, the Insurers are entitled, in the alternative, to a judicial declaration that Exclusion (i) applies to preclude coverage for the entire L Bond Claim.

## FOURTH CAUSE OF ACTION

**(In the alternative to the First through Third Causes of Action, Declaratory Judgment - To the extent the Policy affords coverage for the L Bond Claim, coverage is limited to $1 million)**

139. Referring to the allegations in paragraph 139, Plaintiff incorporates its previous responses.

140. Referring to the allegations in paragraph 140, Plaintiff denies.

141. Referring to the allegations in paragraph 141, Plaintiff, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

142. Referring to the allegations in paragraph 142, Plaintiff lacks sufficient information as to the truth or falsity of the allegations and on that basis, denies the allegations.

143. Referring to the allegations in paragraph 143, Plaintiff denies.

144. Referring to the allegations in paragraph 144, Plaintiff denies.

145. Referring to the allegations in paragraph 145, Plaintiff denies.

146. Referring to the allegations in paragraph 146, Plaintiff denies.

147. Referring to the allegations in paragraph 147, the term various is ambiguous, and on that basis Plaintiff denies.

148. Referring to the allegations in paragraph 148, Plaintiff denies.

149. Referring to the allegations in paragraph 149, Plaintiff denies.

150. Referring to the allegations in paragraph 150, Plaintiff denies.

151. Referring to the allegations in paragraph 151, Plaintiff denies.

152. Referring to the allegations in paragraph 152, Plaintiff denies.

WHEREFORE, the Insurers are entitled, in the alternative, to a judicial declaration that, if the Policy affords coverage for the L Bond Claim, coverage is limited to $1 million in the aggregate.

## FIFTH CAUSE OF ACTION

**(In the alternative to the First through Fourth Causes of Action, Reformation of Endorsement No. 7)**

153. Referring to the allegations in paragraph 153, Plaintiff incorporates its previous responses.

154. Referring to the allegations in paragraph 154, Plaintiff denies.

155. Referring to the allegations in paragraph 155, Plaintiff denies.

156. Referring to allegations in paragraph 156, Plaintiff lacks sufficient information as to the truth or falsity of the allegations, and on that basis denies.

157. Referring to the allegations in paragraph 157, Plaintiff denies.

158. Referring to the allegations in paragraph 158, Plaintiff denies.

159. Referring to the allegations in paragraph 159, Plaintiff denies.

160. Referring to the allegations in paragraph 160, Plaintiff denies.

161. Referring to the allegations in paragraph 161, Plaintiff admits.

162. Referring to the allegations in paragraph 162, Plaintiff denies.

163. Referring to the allegations in paragraph 163, Plaintiff denies.

164. Referring to the allegations in paragraph 164, Plaintiff denies.

165. Referring to the allegations in paragraph 165, Plaintiff denies.

166. Referring to the allegations in paragraph 166, Plaintiff denies.

167. Referring to the allegations in paragraph 167, Plaintiff denies.

168. Referring to the allegations in paragraph 168, Plaintiff denies.

169. Referring to the allegations in paragraph 169, Plaintiff denies.

WHEREFORE, the Insurers are entitled, in the alternative, to reformation of the Policy to reflect the parties' true intent with respect to Endorsement No. 7.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**Breach of Implied Covenant of Good Faith and Fair Dealing**

Defendants, and each of them, breached the implied covenant of good faith and fair dealing and acted in bad faith by denying coverage under the insurance policy.

### SECOND AFFIRMATIVE DEFENSE

**Estoppel**

Defendants, and each of them, are estopped from arguing that claims for losses related to L Bonds are not covered because L Bonds were registered securities with the Securities & Exchange Commission and by definition are not private placements, L Bonds were not on the private placement list in the underwriting process and Defendants did not include L Bonds on Troubled Investment Exclusion in Endorsement No. 9 despite being advised that Plaintiff was the managing broker dealer and a soliciting dealer of GWG L Bonds. Further, Defendants are estopped from arguing that they do not have a duty defend Plaintiff because they failed to timely assert their claim for declaratory relief. By refusing to defend Plaintiff, Defendants caused harm to Plaintiff despite the broad duty to defend insureds.

### THIRD AFFIRMATIVE DEFENSE

### Waiver

Defendants, and each of them, waived any argument that they have no duty to defend the claims.

### FOURTH AFFIRMATIVE DEFENSE

### Unclean Hands

Defendants, and each of them, are barred from equitable relief due to their actions, which increased harm to Plaintiff, by improperly refusing to comply with their duty to defend as required by the Policy and California law.

### JURY DEMAND

Plaintiff Emerson Equity LLC demands a trial by jury on all issues properly triable to a jury.

**REIF LAW GROUP, P.C.**

Dated: July 10, 2023        By: *Brandon S. Reif*
Brandon S. Reif
Rachel D. Dardashti

Attorneys for Plaintiff
EMERSON EQUITY, LLC